77 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John E. BRADY, Plaintiff-Appellant,
v.
Glen E. ROBINSON, U.S. Marshal, Defendant-Appellee.
 No. 94-16578.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1995.
Decided Feb. 20, 1996.
 
 1
 Before: PREGERSON, BRUNETTI, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 I.
 
 3
 Appellant John E. Brady filed a Bivens action against appellees Glen E. Robinson and Reginald E. Boyd, claiming that appellees illegally refused to re-deputize Brady, thereby making him unable to work as a Court Security Officer. The district court granted summary judgment in favor of appellees. Brady appeals the summary judgment. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 II.
 
 4
 A grant of summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). The court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 5
 Under Celotex Corp. v. Catrett, 477 U.S. 317 (1986), to avoid summary judgment, the opposing party must demonstrate a genuine issue of material fact on all matters as to which it has the burden of proof. Id. at 324.
 
 
 6
 Brady argues that the district court erred in concluding that there were no triable issues of fact concerning Robinson's motivation for endorsing Brady's termination.
 
 
 7
 In order to state a Bivens claim, a plaintiff must show two essential elements: (1) that the defendants acted under color of federal law; and (2) that the defendants caused the plaintiff to be deprived of a right secured by the constitution and laws of the United States. Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991). Brady claims that appellees deprived him of his First Amendment right by endorsing his termination by his private employer, Central Security Systems.
 
 
 8
 Brady fails to demonstrate a genuine issue of material fact as to Robinson's knowledge when Brady was suspended and terminated. Robinson endorsed Brady's termination because at the time, he believed that Brady had abandoned his post and had circulated his petition to judges, in violation of U.S. Marshal's Service Code of Conduct. Because Brady fails to carry his burden under Celotex, the district court properly granted summary judgment.
 
 III.
 
 9
 Brady also argues that the district court erred in applying the doctrine of qualified immunity. A governmental official performing discretionary functions is entitled to qualified immunity from civil liability for damages if a reasonable officer could have believed that the conduct was lawful, in light of clearly established law and the information the official possessed. Hunter v. Bryant, 502 U.S. 224, 227 (1991) (quoting Anderson v. Creighton, 483 U.S. 635, 641 (1987)). There is no genuine issue of material fact concerning Robinson's motive in terminating Brady's marshal status and Robinson acted reasonably under the circumstances. The district court did not err in granting summary judgment on the basis of qualified immunity.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3